1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARCUS KUTLERER,                              No.  2:23-cv-1214 DAD CKD P

12                   Plaintiff,

13          v.                                       ORDER

14    SOLANO COUNTY JAIL,

15                   Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19    636(b)(1).

20          On September 28, 2023, the court recommended that this action be dismissed as plaintiff

21    had not filed a completed application to proceed in forma pauperis.  Plaintiff has now filed the

22    completed application so the court's recommendation will be vacated.

23          As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24    1915(a), his request to proceed in forma pauperis will be granted.  Plaintiff is required to pay the

25    statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate

26    order, the court will direct the appropriate agency to collect the initial partial filing fee from

27    plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be

28    obligated for monthly payments of twenty percent of the preceding month's income credited to

1    plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

2    the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

3    fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9    Plaintiff filed an amended complaint on November 13, 2023.  Since an amended complaint

10   supersedes an original, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the court screens the

11   amended complaint.

12         The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

13   which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

14   court will, however, grant leave to file an amended complaint.

15         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

16   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

17   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

18   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

19   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

20   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

21   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

22   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23         Plaintiff complains about denial of medical care.  Pretrial detainees have rights concerning

24   medical care which arise under the Fourteenth Amendment.  A violation of the Fourteenth

25   Amendment is established if a pretrial detainee shows: (1) defendant made an intentional decision

26   with respect to the conditions under which the plaintiff was confined; (2) such conditions

27   presented a substantial risk of serious harm; (3) defendant did not take reasonable

28   /////

2

1    measures to abate that risk; and (4) by not taking such measures, defendant caused plaintiff's

2    injuries.  Gordon v. Orange County, 888 F.3d 1118, 1124-1125 (9th Cir. 2018).

3          Plaintiff names the Solano County Jail as a defendant.  Municipalities such as Solano

4    County cannot be held vicariously liable under § 1983 for the actions of their employees.  Monell

5    v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is when execution of a

6    government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

7    may fairly be said to represent official policy, inflicts the injury that the government as an entity

8    is responsible under § 1983."  Id. at 694.

9          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

10   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading.

12         In accordance with the above, IT IS HEREBY ORDERED that:

13         1.  The court's September 28, 2023, findings and recommendations are vacated.

14         2.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 12) is granted.

15         3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

16   shall be collected and paid in accordance with this court's order to the Solano County Sheriff

17   filed concurrently herewith.

18         4.  Plaintiff's amended complaint is dismissed.

19         5.  Plaintiff is granted thirty days from the date of service of this order to file a second

20   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

21   of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear

22   the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure

23   to file a second amended complaint in accordance with this order will result in a recommendation

24   that this action be dismissed.

25   Dated:  January 11, 2024

26                                                     _____
                                                       CAROLYN K. DELANEY
27                                                     UNITED STATES MAGISTRATE JUDGE

28   1/kutl1214.14

                                                     3